IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Dr. Kevin W. Church, Sr., <br>     Plaintiff, <br> <br> v. <br> <br> Captain Roger Kennedy, et al., <br>     Defendants. | ) <br> ) <br> ) <br> )    1:15cv653 (LMB/JFA) <br> ) <br> ) <br> ) |

MEMORANDUM OPINION

Dr. Kevin W. Church, Sr., a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging various unconstitutional practices at the Eastern Shore Regional Jail ("ESRJ"). Plaintiff has applied to proceed in forma pauperis in the lawsuit. (Dkt. No. 2) By an Order dated June 23, 2015, deficiencies in the initial complaint were discussed, and plaintiff was allowed an opportunity to particularize and amend his allegations in an amended complaint, to state claims for which §1983 relief is available. In addition, plaintiff was directed to sign and return a Consent Form and an affidavit concerning exhaustion of his administrative remedies. Plaintiff has complied with those instructions. After careful consideration, plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief

## I. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. On the other hand, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit

---

        can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

prevails." Id. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

## II. Analysis

A. General Deficiencies

In general, despite the instructions and guidance provided in the Order of June 23, the amended complaint (Dkt. No. 6) fares little better than did the initial complaint. In the first paragraph of the amended complaint, plaintiff reasserts allegations from the initial complaint that he was wrongfully arrested and prosecuted and is being detained unlawfully. Am. Compl. at 5. As explained in the Order of June 23, claims pertaining to the sufficiency of a criminal trial are not properly raised in a §1983 complaint. Instead, where a claim attacks the fact of confinement or the lawfulness of state criminal proceedings, the appropriate remedy is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. See Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). Plaintiff's claims regarding his allegedly unlawful arrest and conviction thus must be dismissed, without prejudice to his ability to reassert them in a §2254 application following their exhaustion before the Supreme Court of Virginia.

Second, much of the amended complaint is taken up with numerous descriptions of events and situations experienced by inmates at ESRJ other than the plaintiff himself. Plaintiff asserts that other inmates were transferred after they "legitimately and appropriately" complained about conditions at ESRJ. Am. Compl. at 6-7. He also provides a list of "known medically deprived inmates" at ESRJ, along with descriptions of their conditions. Id. at 12-14. In addition, plaintiff accuses ESRJ of being "deceitful and fraudulent" in its financial practices with inmates

3

in general, id. at 7-8, and of failing to provide adequate educational opportunities to assist inmates in "successfully reintegrat[ing] back into society." Id. at 8. To the extent that plaintiff seeks to sue on the basis of these allegations and to seek relief on behalf of other inmates, he has no standing to make such requests.[2] To state a civil rights claim, one must allege that he, himself, sustained a deprivation of a right, privilege, or immunity secured by the Constitution or federal law. See Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). To demonstrate standing, a plaintiff must allege personal injury fairly traceable to a defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. See Allen v. Wright, 468 U.S. 737, 751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 472 (1982). Here, then, to the extent that plaintiff alleges that defendants' actions have negatively impacted inmates other than himself, he has no standing to make such claims, and they are subject to dismissal for failure to state a claim pursuant to § 1915A.

B. Requirement of medical co-payments

In the first of plaintiff's three discernable claims for relief based on his personal experiences, he alleges that "several of us ... were told (and money was subsequently taken from our accounts) that we could not see or obtain the proper medical specialist help (doctors or surgeons, counselors, etc.) unless we had the money in or placed in our commissary accounts to cover their fees ... and cover the excessively high co-pays, medical examines [sic], equipment, etc., in which we as 'indigent inmates' (patients) should have been paid for by the funds the ESRJ is receiving from the state...." Am. Compl. at 7. Plaintiff has provided copies of two

---

[2]The amended complaint contains a prayer for injunctive relief in the form of "investigating our complaints...." (Am. Compl., §V)

exhibits which bear upon this claim. One reflects that plaintiff was required to pay a total of $60.00 as co-pays for three prescriptions on June 18, 2015. In the second, which is also dated June 18, 2015, the $25.00 co-pay for plaintiff's visit to a doctor was crossed out, and "0" was deducted from his inmate account.

It is recognized that the requirement of a co-payment for prison medical services is not per se deliberate indifference to a serious medical need. See Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997); Johnson v. Dep't of Pub. Safety & Correctional Servs., 885 F. Supp. 817, 820 (D. Md. 1995). Inmates are not entitled to free medical care, and an inmate's displeasure at having to pay such co-payment does not present a constitutional claim. Johnson, 885 F. Supp. at 820. Moreover, the allocation of the cost of medical care is a matter of state law. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 (1983). Only when medical care is denied to an inmate because of inability to make a co-payment are deliberate indifference concerns under the Eighth Amendment implicated. See, e.g., Collins v. Romer, 962 F.2d 1508, 1514 (10th Cir. 1992). Here, plaintiff does not allege that he personally was ever denied medical care due to inability to make a co-payment, and the two exhibits he has supplied plainly suggest otherwise: in one instance, plaintiff received three prescriptions when he made a $20.00 co-pay for each, and in the other the co-pay of $25.00 for his doctor's visit was waived. Accordingly, plaintiff's claim that his co-payments for medical services at ESRJ are unconstitutional must be dismissed pursuant to §1915A.

B. Deliberate Indifference

In plaintiff's second claim for relief based on his personal experiences, he alleges that he has suffered deliberate indifference to his serious medical needs at ESRJ. Plaintiff states that he

is an Army veteran who in 1997 underwent several days of extensive medical examinations and testing at Walter Reed Army Medical Center, which diagnosed him with "Mysterious Gulf War Syndrome and mild Post-Traumatic Stress Disorder," prescribed unspecified "medicine," and provided counseling with a military psychiatrist and psychologist. Am. Compl. at 10. Plaintiff further alleges that he "continued this regiment [sic] from time to time over the past several years, accompanied with exercise, steam room & sauna settings to keep [his] Gulf War Illness under control;" however, since his imprisonment, "all of this has been minimized, inadequate, or doesn't exist." Id. Plaintiff complains that he is deprived of the "constant availability" of the Veterans' Administration counselors, chaplains and doctors he previously enjoyed, did not receive "meds" at ESRJ until June, 2015, and that it also was not until then that blood tests were done to determine his level of iron deficiency. Plaintiff concludes, "I desperately need my vitamins and iron for my diminishing eye care and bags accumulating beneath them." Id. Plaintiff includes no allegations linking any of the named defendants to these claims of inadequate medical treatment.[3]

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish that inadequate medical treatment rises to the

---

[3]None of the defendants named in the initial complaint were amenable to suit under §1983. In response to the June 23 Order of instructions, plaintiff in the amended complaint has listed as defendants Roger Kennedy, Captain of ESRJ; Nurse Cathy Aldrige; and Sgt. Karen Sample, whom he describes as "inmate accounts clerk and accounts receivable." Am. Compl. at 2-3. Plaintiff includes no explanation within his "Statement of the Claim" of why he believes these individuals should be held liable to him or the manner in which any of them acted to violate his constitutional rights.

level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). To do so, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Importantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

At this juncture, plaintiff's claim of inadequate medical care fails to meet the requirements for an actionable Eighth Amendment violation.[4] As to the first component of an

---

[4]It is unclear whether plaintiff is a pretrial detainee or a convicted prisoner. Claims of pretrial detainees are governed by the due process clause of the Fourteenth Amendment. Riley v. Dorton, 115 F.3d 1159 (4th Cir.), cert. denied, 522 U.S. 1020 (1997). It is well established, however, that

Eighth Amendment claim, a condition is sufficiently serious to merit constitutional protection if it is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Plaintiff describes himself as suffering from "mild" PTSD, Gulf War Syndrome, and an unspecified eye condition, and for purposes of this analysis it is assumed that these conditions are sufficiently serious to warrant constitutional protection. Nonetheless, the amended complaint is devoid of any allegations that any named defendant or any other individual at ESRJ was deliberately indifferent to those conditions, either individually or collectively. Cf. Miltier, 896 F.2d at 851. The alleged facts that plaintiff as an incarcerated individual can no longer exercise at the same rate he once did or partake of sessions in steam rooms and saunas is not shocking to the conscience or intolerable to fundamental fairness. Plaintiff's conclusory allusion to not receiving his unspecified "meds" until June, 2015 is insufficient to state a constitutional claim; in addition to failing to name the medication, plaintiff includes no description of the steps he took to try to obtain it, nor does he explain any adverse effects he suffered as the result of not receiving it. None of the grievances plaintiff has supplied relate to any medical issues. In short, taking all of plaintiff's allegations as true, the amended complaint fails to state a claim for violation of plaintiff's rights under the Eighth Amendment.

C. First Amendment

In his third discernable claim, plaintiff contends that his First Amendment right freely to practice his religion has been violated at ESRJ. In the initial complaint, plaintiff alleged that he

---

the due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 250 (4th Cir. 2005). Therefore, the Eighth Amendment standard is discussed here.

8

and several other inmates at ESRJ had been prevented from receiving monthly Holy Communion for a year. He stated that as an ordained minister he "partook of ... Communion as a vital component of [his] faith," and that he had made several requests for Communion which had been denied. Compl. at 5C-5D. In the Order of June 23, it was stated that plaintiff's allegations, although vague, would be sufficient to state a First Amendment claim if he could show that he had properly exhausted his administrative remedies. Id. at 6. In response, plaintiff alleges in the amended complaint that his First Amendment rights have been abridged because he is "denied the observance of the Lord's Supper, spiritual counseling." Am. Compl. at 11. He adds that although there is no staff chaplain available to inmates at ESRJ, a pastor volunteers to come in and teach a Bible study lesson once a week. Id. He concludes, "See enclosed request form to Cpt. Roger Kennedy." Id. Attached to the amended complaint is an "Inmate All Purpose Request Form," dated October 20, 2014, on which plaintiff wrote:

> I would like to administer the Church Ordinance of the Lord [sic] Supper to my [illegible] Bible study group. Lt. Williams, I was wondering if Union Baptist would donate us at least ten disposable communion kits, wafers, grape juice so that I can officiate the Lord's Supper to our group on Saturday. Thanks!!

On October 20, 2014, Captain Kennedy responded:

> Per D.O.C. rules an inmate cannot have direct control over another inmate and cannot perform services of any kind for another inmate. We have volunteers who give their time to perform these services. Services are defines [sic] as trading, [illegible] or performing jobs for another inmate.

It thus is apparent that the claim plaintiff expresses in the initial and amended complaints - that he has been denied the opportunity to partake of Communion - is not the same request he made to Captain Kennedy. Instead, on the Request Form, plaintiff made no claim that he had

been denied Communion; rather, he sought to be able to administer Communion to other inmates. This discrepancy is fatal to plaintiff's claim.

As was explained in the Order of June 23, the Prison Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). The PLRA requires "proper" exhaustion, which demands "compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90-91, 93. In the context of prisoner suits, proper exhaustion provides prisoners the opportunity to correct their errors before being hauled into federal court, reduces the quantity of prisoner suits by either granting relief at the administrative level or persuading prisoners not to further pursue their claim in a federal court, and improves the quality of the prisoner suits that are filed in federal court by creating an administrative record for the court to reference. Id. The benefits of proper exhaustion are only realized if the prison grievance system is given a "fair opportunity to consider the grievance" which will not occur "unless the grievant complies with the system's critical procedural rules." Id. at 95; see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Plaintiff as an inmate in a local jail is required to exhaust the claims raised in the instant complaint in accordance with his institution's grievance process. Before bringing his claims in a federal lawsuit, plaintiff must file a grievance as to each claim and must receive a response to the grievance. If the response is unsatisfactory, he must pursue the grievance through all

available levels of appeal before presenting the claim in federal court. As has been recognized previously in this district, "the PLRA amendment made [it] clear that exhaustion is now mandatory." Langford v. Couch, 50 F.Supp.2d 544, 548 (E.D. Va. 1999) (Ellis, J.).

Here, plaintiff has failed to exhaust the claim that he was not allowed to receive Communion. First, that is not the claim he expressed on the Request Form he addressed to Captain Kennedy. Rather than complaining that he was unable to partake of Communion, plaintiff asked Kennedy for permission to administer Communion to fellow inmates. Even if the claim plaintiff made on the Request Form could be construed as being sufficiently similar to the claim he attempts to bring here, he did not fully and properly exhaust the claim because he did not thereafter file a grievance based on the denial of his request. Am. Compl. at 4. Because plaintiff's claim that he was denied the opportunity to participate in Communion at ESRJ has not been exhausted, the Court lacks jurisdiction to consider its merits. Woodford, 548 U.S. at 85.

### III. Conclusion

For the foregoing reasons, plaintiff's Amended Complaint will be dismissed pursuant to §1915A for failure to state a claim on which relief can be granted. An appropriate Order and judgment shall issue.

Entered this 20th day of May, 2016.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge